IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:18-CR-00406-K |
| DARYL HENRY | |

## FACTUAL RESUME

In support of Daryl Henry's plea of guilty to the offenses in Counts ONE and THREE of the Indictment filed on May 15, 2019, in case CR-3:18-cr-00406 at Document 59 (hereinafter referred to as the Indictment), Henry, the defendant; Richard Armstrong, the defendant's attorney; and the United States of America (hereinafter "the government") stipulate and agree to the following:

## ELEMENTS OF THE OFFENSES

To prove the offense alleged in Count ONE of the Indictment, charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Commit Hate Crime Acts, Kidnapping, and Carjacking, the government must prove each of the following elements beyond a reasonable doubt:

*First.* That the defendant and at least one other person made an agreement to commit an offense against the United States, to wit: Hate Crime Acts, Kidnapping, and Carjacking,[1] as charged in the Superseding

---

[1] The elements of Hate Crime Acts are described below. The elements of Kidnapping are:
  *First.* That the defendant unlawfully and willfully seized, confined, inveigled, kidnapped, abducted, and carried away and held any person;
  *Second.* That the defendant held the person for some ransom, reward, or otherwise; and
  *Third.* That the defendant used a channel, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

Factual Resume—Page 1

|  | Indictment; |
|---|---|
| *Second.* | That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; |
| *Third.* | That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Superseding Indictment, in order to accomplish the purpose of the conspiracy.[2] |

To prove the offense alleged in Count THREE of the Indictment, charging a violation of 18 U.S.C. §§ 249(a)(2) and 2, that is, Hate Crime Acts, the government must prove each of the following elements beyond a reasonable doubt:

| *First.* | That the defendant willfully caused bodily injury to any person or, through the use of a firearm or a dangerous weapon, attempted to cause bodily injury to any person; |
|---|---|
| *Second.* | That the defendant acted because of the actual or perceived sexual orientation of any person; and |
| *Third.* | That the defendant used a channel, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense. |

---

18 U.S.C § 1201(a)(1); Fifth Circuit Pattern Jury Instruction 2.54 (5th Cir. 2015) (modified).
The elements of Carjacking are:
    *First.* That the defendant intended to cause serious bodily harm or death;
    *Second.* That the defendant took a motor vehicle from the person or presence of another;
    *Third.* That the defendant took a motor vehicle by force and violence or by intimidation; and
    *Fourth.* That the motor vehicle had been transported, shipped, or received in interstate or foreign commerce.
18 U.S.C. § 2119; Fifth Circuit Pattern Jury Instruction 2.81 (5th Cir. 2015) (modified).
[2] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2015).

## STIPULATED FACTS

1. Daryl Henry, the defendant, admits and agrees that, beginning in or around December 2017, within the Northern District of Texas, Dallas Division, and elsewhere within the jurisdiction of this Court, he knowingly and willfully combined, conspired, confederated, and agreed with Daniel Jenkins (Coconspirator 1), and others known and unknown to the government, to use instruments of interstate commerce, specifically, a cellular telephone, the internet, and Grindr, a cellular telephone application ("app"), to lure, kidnap, assault, and rob gay men in Dallas, Texas because of the actual and perceived sexual orientation of the victims. Defendant Henry, aided and abetted by others, including Daniel Jenkins, and others known and unknown to the government, used the Grindr app to lure gay men to a location in Dallas, where members of the conspiracy kidnapped, assaulted, and robbed the gay men because of the actual and perceived sexual orientation of the victims.

2. On or before December 11, 2017, defendant Henry agreed with Daniel Jenkins and others, to use a cellular phone application to lure men, whom Henry and others believed were gay, to areas in and around Dallas, Texas for robbery, carjacking, kidnapping, and violent assaults.

3. On or about December 11, 2017, defendant Henry knew that at least one coconspirator was using Grindr to lure men to a vacant apartment at the Solana Ridge Apartment Complex (Solana Ridge) for robbery and carjacking.

4. On or about December 11, 2017, defendant Henry, and other coconspirators, known and unknown to the government, used a cellular phone application to lure men, whom Henry and others believed were gay, into the apartment at Solana Ridge to kidnap, assault, rob, and carjack the men.

5. On or about December 11, 2017, defendant Henry, along with other coconspirators, held the men inside the vacant apartment against their will.

6. On or about December 11, 2017, defendant Henry knew that other coconspirators used a gun to hold the men at gunpoint.

7. On or about December 11, 2017, defendant Henry, along with other coconspirators, used physical violence that resulted in physical injury to at least one victim and threats of physical violence to obtain the property of these men.

8. On or about December 11, 2017, defendant Henry, along with other coconspirators, forced the men into a closet or bedroom in the vacant apartment while other coconspirators traveled to local ATMs to withdraw cash from the victims' bank accounts.

9. On or about December 11, 2017, defendant Henry used physical violence and threats of physical violence to hold men in the closet or bedroom of the vacant apartment; Henry knew that the men were subjected to sexual assault, threats of rape, and taunts based on coconspirators' perception of the men's sexual orientation.

10. The defendant agrees that he committed all the essential elements of the offenses set forth in Counts One and Three of the Indictment. This factual resume is not intended to be a complete accounting of all the facts and events related to the

offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Counts One and Three of the Indictment.

AGREED TO AND STIPULATED on this 26 day of November, 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
DARYL HENRY
Defendant

_____
ROSE E. GIBSON
KATHRYN E. GILBERT
United States Department of Justice
Civil Rights Division, Criminal Section
Telephone: 202-616-4571

Email: rose.gibson@usdoj.gov

_____
RICHARD ARMSTRONG
Attorney for Defendant

_____
NICOLE DANA
Assistant United States Attorney